```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA              :
                                      :
              -v-                     :           09 Cr. 524 (JSR)
                                      :
CHIGBO PETER UMEH,                    :
KONSTANTIN YAROSHENKO,                :
NATHANIEL FRENCH, and KUDUFIA         :
MAWUKO,                               :
                                      :
              Defendants.             :
------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/26/11

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

# TABLE OF CONTENTS

## I. GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof

5. Reasonable Doubt

6. Direct and Circumstantial Evidence

7. Witness Credibility

8. A Defendant's Right Not to Testify

## II. THE CHARGE

9. Conspiracy

10. First Element -- the Conspiracy

11. Second Element -- Participation in the Conspiracy

12. Venue

## III. CONCLUDING INSTRUCTIONS

13. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with Court

14. Verdict; Need for Unanimity; Duty to Consult

# I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

*Duty of the Court*

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference when you begin your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

## INSTRUCTION NO. 2

*Duty of The Jury*

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations all the exhibits received in evidence, along with equipment to play the tapes in evidence if you so desire. To aid your review of the recordings we will also send you the transcripts agreed to by counsel, but please remember that the transcripts are not themselves evidence but only an aid to understanding the tapes in evidence. As for testimony, if you need to review particular items of testimony we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular means or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

*Duty of Impartiality*

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and therefore it should not in any way enter into or influence your deliberations. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

INSTRUCTION NO. 4

*Presumption of Innocence and Burden of Proof*

The four defendants here -- Chigbo Peter Umeh, Konstantin Yaroshenko, Nathaniel French, and Kudufia Mawuko -- are charged with conspiring to distribute cocaine, knowing or intending that some portion of cocaine would be imported into the United States. I will instruct you shortly about the elements of this crime. Please bear in mind, however, that a charge is not itself evidence of anything.

Each of the defendants has pled not guilty. To prevail against a given defendant, the Government must prove each essential element of the charge as to that defendant beyond a reasonable doubt. This burden never shifts to a defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, a defendant starts with a clean slate, and each defendant is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proved that defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 5

*Reasonable Doubt*

Since, in order to convict a given defendant of the charge here made, the Government is required to prove each essential element of that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is <u>not</u> caprice or whim. It is <u>not</u> speculation or suspicion. It is <u>not</u> an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

## INSTRUCTION NO. 6

*Direct and Circumstantial Evidence*

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you can consider either or both, and can give them such weight as you conclude is warranted.

## INSTRUCTION NO. 7

*Witness Credibility*

It must be clear to you by now that counsel for the Government and counsel for the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or a defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

In this regard, you have heard testimony from witnesses who testified that they were paid

9

informants for the Government, who worked in undercover capacities in connection with the Government's investigation of this case. The use of informants and undercover operatives are lawful investigative techniques. However, in assessing the evidence relating to the testimony of such witnesses, you should take account of its special circumstances and consider such circumstances, along with all other relevant considerations, in determining what weight, if any, to give to such evidence.

Going back to witnesses generally, you should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, as to all witnesses, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## INSTRUCTION NO. 8

*A Defendant's Right Not to Testify*

The defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that the defendants did not testify. No adverse inference against any defendant may be drawn by you because he or his co-defendants did not take the witness stand, and you may not consider it against any defendant in any way in your deliberations in the jury room.

## II. THE CHARGE

## INSTRUCTION NO. 9

*Conspiracy*

With these preliminary instructions in mind, let us turn to the specific charge against the defendants. The defendants are charged with conspiring to distribute 5 kilograms or more of cocaine, knowing or intending that some portion of that cocaine would be imported into the United States. Please bear in mind that the case against a given defendant stands or falls upon the proof or lack of proof against that defendant, and not on the possible proof against some other defendant.

In order to convict a given defendant of this charge, the Government must prove beyond a reasonable doubt each of the following two elements:

First, the existence of the charged conspiracy; and

Second, that the defendant you are considering intentionally joined and participated in this conspiracy during the applicable time period.

## INSTRUCTION NO. 10

*First Element – the Conspiracy*

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding between two or more persons to commit an unlawful object. This agreement or understanding must be between individuals not operating under the direction of the Government at the time of the agreement. In this instance, the conspiracy is alleged to be an agreement to distribute cocaine, knowing or intending that some portion of the cocaine would be imported into the United States.

Please bear in mind that conspiracy is an entirely distinct and separate offense from the actual distribution or importation of cocaine. The actual commission of the object of the conspiracy is <u>not</u> an essential element of the crime of conspiracy. Rather, the conspirators must simply have agreed to distribute cocaine -- that is, to cause cocaine to be delivered or passed on to some third party -- knowing or intending that some portion of the cocaine would be imported, that is, brought into the United States. While the Government alleges that the agreement was to distribute 5 kilograms or more of cocaine, so far as amount is concerned you are only required to determine that there was a conspiracy to distribute any amount of cocaine. However, the parties have now stipulated that, if there was a conspiracy here at all (which the defendants deny), it involved the distribution of more than 5 kilograms of cocaine.

Although it is charged that the alleged conspiracy began around June 2007 and continued to around May 2010, it is not essential that the Government prove that the conspiracy started and ended on those specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact the charged conspiracy was formed and that it existed for <u>any time</u> within the charged period set forth in the Indictment.

13

## INSTRUCTION NO. 11

*Second Element – Participation in the Conspiracy*

If you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether it has also proved beyond a reasonable doubt that any given defendant you are considering unlawfully, intentionally, and knowingly participated in the conspiracy.

"Unlawfully," obviously, means contrary to law. But in terms of its application to the defendant's state of mind, the Government is not required to show that the defendant knew that he was breaking any particular law. The Government must prove, however, that the defendant was aware of the generally unlawful nature of his acts.

"Intentionally" means to act deliberately and with a bad purpose, rather than innocently.

"Knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence.

If you find beyond a reasonable doubt that the defendant you are considering joined in the charged conspiracy and did so unlawfully, intentionally, and knowingly, then the second element is satisfied.

In this regard, it is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of membership on his part. Nor does the defendant need to know the full extent of the conspiracy or all of its participants. Indeed, it is not necessary that the defendant know more than one other member of the conspiracy. Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy. What is necessary is proof beyond a reasonable doubt that the defendant intentionally joined in the conspiracy for the purpose of furthering its unlawful object, which was to distribute cocaine knowing or intending that some of it would be imported into the United States.

14

The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while the defendant was a member. The law does not require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw a defendant within the ambit of a conspiracy if it meets the essential requirements I have described.

However, I want to caution you that mere association or discussions without agreement by one person with another person does not make that first person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant, knowing the unlawful object, participated in some way in the conspiracy for the purpose of furthering that object.

In short, in order to satisfy the second essential element of the charged offense, you must find beyond a reasonable doubt that each defendant, with an understanding of the unlawful character of the charged conspiracy, intentionally joined and participated in the conspiracy for the purpose of furthering the unlawful object of distributing cocaine, knowing or intending that some portion of the cocaine would be imported into the United States.

## INSTRUCTION NO. 12

*Venue*

If you find as to one or more defendants that the Government has proved both elements of the crime of conspiracy beyond a reasonable doubt, you must also determine that the point of entry where any of such defendants was first brought into the United States was in the Southern District of New York. This is called establishing venue. The Southern District of New York includes Manhattan, the Bronx, and Westchester County (including the Westchester County Airport in White Plains), Orange County (including the Stewart International Airport), as well as other areas not here relevant. Unlike all the other elements of the offense, which must be proved beyond a reasonable doubt, the Government is only required to prove venue by a preponderance on the evidence, that is, that it is more probable than not.

## III. CONCLUDING INSTRUCTIONS

## INSTRUCTION NO. 13

*Selection of Foreperson; Right to See Exhibits and Hear Testimony;
Communications with the Court*

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. In addition, we will send into the jury room all of the exhibits that were admitted into evidence. If you want any of the testimony provided, that can also be done, either in transcript or read-back form. However, because it is not always easy to locate what you might want, please to be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the Marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

17

## INSTRUCTION NO. 14

*Verdict; Need for Unanimity; Duty to Consult*

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on the single charge against a given defendant, must prove each essential element of that charge as to that defendant beyond a reasonable doubt. Otherwise, you must acquit.

Your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. However, you should not hesitate to change an opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.

18