

## ГЕНЕРАЛЬНА ПРОКУРАТУРА УКРАЇНИ

01011, м.Київ вул. Різницька, 13/15

22.05.2013 № 02-26-вих-13

На № _____ від _____

Eric Holder
Attorney General
of the Unites States of America

**Dear Mr. Holder,**

    The Prosecutor General's Office of Ukraine expresses its high consideration to the U.S Department of Justice and to you personally and has the honor to draw your attention to certain aspects of interaction of the Ukrainian and U.S. law-enforcement authorities.

    Our agencies have long-term positive experience of cooperation in criminal matters based on the Treaty between the USA and Ukraine on Mutual Legal Assistance in Criminal Matters dated 07/22/1998.

    The request the Ukrainian side is addressing this time needs your attention and direct interference because the situation is sensitive and may have negative consequences.

    At present the Prosecutor General's Office of Ukraine is considering the applications of attorney A. Tarasov (the USA, 723 Main Street, Suite 310, Houston, Texas 77002) and of the General Prosecutor's Office of the Russian Federation concerning events related to the criminal prosecution of citizen of the Russian Federation K. Yaroshenko in the USA.

    The attorney asserts that during the trial of the case in the USA prosecutors provided the court with the information about the conduct of operational technical activities (phones tapping, hidden video recording etc.) by the agents of the Drug Enforcement Administration of the U.S. Department of Justice in relation to citizen of the Russian Federation K.Yaroshenko in Kyiv city, Ukraine in 2009-2010.

    It is established the U.S competent authorities didn't address the Prosecutor General's Office of Ukraine to get such permission or to coordinate these actions. Pursuant to the Constitution and laws of Ukraine hidden video recording, tapping of phone negotiations and the use of technical means of covert recording in the territory of Ukraine is possible only upon motivated decision of the Ukrainian court. The Prosecutor General's Office of Ukraine is entrusted with the supervision over observance of laws and rights of citizens during such actions.

6

Taking the aforementioned into account I ask you, dear Mr. Holder, to inform the Prosecutor General's Office of Ukraine:

1. Whether the officials of the U.S. competent services conducted operational activities in relation to K. Yaroshenko in the territory of Ukraine in 2009-2010?

   If yes, I ask to inform the names, surnames and positions of these officials.

2. Whether they used special operational technical equipment for readout of information from communications channels, for hidden surveillance, photo and video recording during the conduct of the mentioned activities in relation to K. Yaroshenko?

   If yes, how and when was this technical equipment brought in the territory of Ukraine? Were the diplomatic channels used herewith?

3. Was the U.S. Embassy to Ukraine, in particular the U.S. Ambassador to Ukraine informed about the conduct by the officials of the U.S. competent services of the operational activities in the territory of Ukraine in relation to K. Yaroshenko and about bringing in the territory of Ukraine and using of special technical equipment for these purposes?

4. What results were obtained in consequence of the conduct of the mentioned operational activities in relation to K. Yaroshenko in the territory of Ukraine? Were these results used as proofs in the U.S. court? If yes, in what way?

5. What judgment was passed by the U.S. court in the mentioned case?

We hope that you will treat with proper attention the facts set forth in this letter and will facilitate receiving the requested information for securing constitutional rights and freedoms of the citizen.

The Prosecutor General's Office of Ukraine avails itself of this opportunity to express hope for further development and strengthening of bilateral relations with the U.S. Department of Justice in the spirit of partnership and mutually beneficial cooperation.

**Respectfully yours,**

**Acting Prosecutor General of Ukraine**                              **Renat Kuzmin**

7



## ГЕНЕРАЛЬНА ПРОКУРАТУРА УКРАЇНИ

01011, м.Київ вул. Різницька, 13/15

22.05.2013 № 02-26ви-13

На № _____ від _____

Міністру юстиції
Сполучених штатів Америки
Еріку Холдеру

**Шановний пане Холдер!**

    Генеральна прокуратура України засвідчує свою глибоку повагу Департаменту юстиції США і Вам особисто та має честь привернути Вашу увагу до певних аспектів взаємодії правоохоронних органів України і США.

    Наші установи мають багаторічний позитивний досвід співробітництва у кримінальних справах на підставі Договору між Україною та США «Про взаємну правову допомогу у кримінальних справах» від 22.07.1998 року.

    Клопотання, з яким українська сторона звертається цього разу, потребує Вашої уваги та безпосереднього втручання, оскільки ситуація є чуттєвою і може мати негативні наслідки.

    На даний час Генеральною прокуратурою України розглядаються звернення адвоката О.Тарасова (США, вул. Мейн Стріт, 723, офіс 310, Хьюстон, Техас, 77002) та Генеральної прокуратури Російської Федерації стосовно подій, які пов'язані з кримінальним переслідуванням у США громадянина Російської Федерації К.Ярошенка.

    Адвокат стверджує, що під час судового розгляду справи у США прокурори надали суду інформацію про проведення агентами Управління боротьби з наркотиками Міністерства юстиції США у 2009-2010 роках в м. Київ, Україна оперативно-технічних заходів (прослуховування телефонів, прихований відеозапис та ін.) відносно громадянина Російської Федерації К.Ярошенка.

    Встановлено, що компетентні органи США за дозволом або узгодженням цих дій до Генеральної прокуратури України не зверталися. Згідно з Конституцією та законами України прихований відеозапис, прослуховування телефонних переговорів та використання технічних засобів таємного фіксування на території України можливе лише за мотивованим

8

рішенням українського суду. Нагляд за дотриманням законів та прав громадян при здійсненні цих дій покладено на Генеральну прокуратуру України.

Враховуючи викладене, прошу Вас шановний Е.Холдер проінформувати Генеральну прокуратуру України:

1. Чи проводились співробітниками компетентних служб США в 2009-2010 роках на території України оперативні заходи відносно К.Ярошенка?

Якщо так, то прошу повідомити прізвища, ім'я та посади цих співробітників.

2. Чи використовувалась ними при проведенні зазначених заходів відносно К.Ярошенка спеціальна оперативна техніка для зняття інформації з каналів зв'язку, ведення прихованого спостереження, фото та відеозйомки?

Якщо так, то яким чином і коли ця техніка ввезена на територію України? Чи використовувались при цьому дипломатичні канали?

3. Чи повідомлялось Посольство США в Україні, і зокрема Посол США в Україні, про проведення співробітниками компетентних служб США оперативних заходів на території України відносно К.Ярошенка та ввезення на територію України і застосування спеціальної техніки для цих цілей?

4. Які результати отримані унаслідок проведення зазначених оперативних заходів відносно К.Ярошенко на території України?

Чи використані ці результати в якості доказів в суді США? Якщо так, то яким чином?

5. Який вирок постановлений судом США у зазначеній справі?

Сподіваємося, що Ви із належною увагою поставитеся до викладених у цьому листі фактів і сприятимете отриманню запитуваної інформації задля гарантування конституційних прав і свобод громадянина.

Генеральна прокуратура України користується нагодою щоб висловити надію на подальший розвиток та зміцнення двосторонніх відносин із Департаментом юстиції США у дусі партнерства та взаємовигідного співробітництва.

З повагою

Виконувач обов'язків
Генерального прокурора України                                  Ренат Кузьмін

9