```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :   09-cr-524 (JSR)
            -v-                     :
                                    :   MEMORANDUM ORDER
KONSTANTIN YAROSHENKO,              :
                                    :
      Defendant.                    :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Eleven years ago, Konstantin Yaroshenko participated in a conspiracy to transports thousands of kilograms of cocaine throughout South America, Africa, and Europe, with several hundred kilograms of those narcotics ultimately destined for the United States. Yaroshenko's role in the conspiracy was to use his aviation expertise to help transport these massive amounts of cocaine on private aircraft. After being arrested by Liberian authorities and, later, taken into custody by the United States Drug Enforcement Administration, Yaroshenko was charged with one count of conspiring to manufacture and distribute more than five kilograms of cocaine in violation of Title 21, United States Code, Sections 963, 959(a), and 960. On April 28, 2011, following an approximately two-week trial before this Court, a jury convicted Yaroshenko on that count, which carried a ten-year mandatory minimum.

At sentencing, this Court observed that Yaroshenko was involved in "probably, in terms of the amount of drugs, one of the largest conspiracies that this Court has ever encountered." ECF 177 Ex. A ("Sent. Tr.") at 22:3-5. Moreover, the Court concluded that Yaroshenko was a "critical and major part of this conspiracy." Id. at 7:23-24. Based on these facts, the Court determined that "it cannot possibly be the case that the mandatory minimum would remotely send a message that is necessary to be sent for a crime of this colossal size." Id. at 41:5-7. Accordingly, the Court imposed a sentence of 20 years, a sentence that Court characterized as "quite lenient under the circumstances." Id. at 41:20.

Yaroshenko has served approximately eleven years of his twenty-year sentence and now moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking so-called "compassionate release." ECF No. 175.

The compassionate release statute, as modified by the First Step Act, provides that after certain administrative exhaustion requirements are met, and after considering the factors enumerated in 18 U.S.C. § 3553(a), "the court . . . may reduce the term of imprisonment . . . if it finds that — extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Yaroshenko submitted a request for compassionate release to the Warden of Federal Correctional Institute Danbury on April 2, 2020, which the Warden denied on April 23, 2020. Therefore, Yaroshenko has exhausted his administrative remedies.

Yaroshenko cites as "extraordinary and compelling" reasons for his release "serious health issues, including hypertension, hyperlipidemia, osteoarthritis, hemorrhoids, varicocele, benign prostatic hyperplasia, chronic prostatitis, presbyopia, abrasion of teeth, disorder of pigmentation, muscle spasms with panic attacks, post-traumatic stress disorder, and diarrhea." ECF No. 175 at 1. Yaroshenko's motion focuses especially on three of these health issues: hypertension, hyperlipidemia, and arthritis. Id. at 14-18. Yaroshenko also cites his conditions of confinement as exacerbating the risk he faces from the pandemic, noting, among other things, that his "living space consists of a bunk bed shared with another inmate, and only 46 inches away from the next set of bunks." Id. at 13.

These factors do not demonstrate "extraordinary and compelling" reasons for Yaroshenko's release. First, while the Court is not unsympathetic to Yaroshenko's health issues, the medical conditions he cites are not listed by the Centers for Disease Control and Prevention ("CDC") as causing, or likely to

3

cause increased risk for severe coronavirus illness.[1] In particular, although pulmonary hypertension (high blood pressure in the lungs) is identified by the CDC as a condition increasing the risk of severe disease, Yaroshenko, according to his medical records, has been diagnosed with essential hypertension, which has not similarly been identified as a risk factor by the CDC. See ECF No. 177 Ex. E (sealed) at 7.

Second, while it is "undoubtedly correct that close quarters and other prison conditions increase COVID-19 transmission risk," see United States v. Cooper, 2020 WL 4937477, at *2 (S.D.N.Y. Aug. 24, 2020), the FCI Danbury facility appears to have effectively contained the virus: There are presently no known COVID-19 cases at the facility and there have been no deaths since the one noted by Yaroshenko in his motion.[2]

Moreover, the 3553(a) factors weigh against compassionate release. As this Court stated at sentencing, given the "enormity of the crime" a ten-year sentence would not "remotely send a message that is necessary to be sent for a crime of this colossal size." Granting Yaroshenko's motion after he has served only

---

[1] Centers for Disease Control and Prevention, Certain Medical Conditions and Risk for Severe Coronavirus Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last accessed Sept. 13, 2021).

4

slightly over half of the twenty-year prison sentence the Court imposed would thus fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A).

For these reasons, Yaroshenko's motion for compassionate release is denied.

SO ORDERED.

Dated:   New York, NY
         September 18, 2021                    _____
                                               JED S. RAKOFF, U.S.D.J.